[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *One Church v. Bhd. Mut. Ins. Co.*, Slip Opinion No. 2026-Ohio-2764.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2764

ONE CHURCH, APPELLEE, *v.* BROTHERHOOD MUTUAL INSURANCE COMPANY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *One Church v. Bhd. Mut. Ins. Co.*, Slip Opinion No. 2026-Ohio-2764.]

*Insurance—Civil procedure—Civ.R. 9(B) and 12(C)—A binding appraisal award will not be set aside unless an error is so palpably wrong that it undermines the intent of the agreement, such as corruption or gross mistake, not a mere error of judgment—To plead a claim of mistake with particularity as required by Civ.R. 9(B), facts alleged in a complaint must constitute the elements of mistake—Allegation that additional, hidden damage was discovered after appraisal award failed to state a claim of mistake that could justify setting aside binding appraisal—Judgment reversed.*

(No. 2024-1329—Submitted October 28, 2025—Decided July 23, 2026.)

APPEAL from the Court of Appeals for Franklin County,

No. 23AP-457, 2024-Ohio-1601.

_____

DETERS, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE, BRUNNER, HAWKINS, and SHANAHAN, JJ., joined. FISCHER, J., dissented, with an opinion.

**DETERS, J.**

{¶ 1} When a party agrees to a binding appraisal procedure in a contract, it agrees that the appraisal will be just that: binding. Binding appraisal may be challenged only on grounds of fraud or mistake. This case is about the degree of particularity with which mistake must be pleaded to state a claim to invalidate a binding appraisal.

{¶ 2} One Church agreed to binding appraisal regarding damages to be paid under an insurance contract issued by Brotherhood Mutual Insurance Company, and Brotherhood paid One Church the appraisal amount. Brotherhood refused to pay amounts over the binding appraisal amount after One Church claimed to have discovered additional damage, so One Church sued for breach of contract. The Franklin County Court of Common Pleas granted judgment on the pleadings and dismissed the complaint because after reviewing the pleadings, it found no "evidence of fraud, misfeasance, or mistake" to justify reopening the appraisal process. The Tenth District Court of Appeals reversed.

{¶ 3} Civ.R. 9(B) requires that a claim for mistake be pleaded with particularity. And here, that means that the facts alleged in the complaint must constitute the elements of mistake. Because One Church did not allege facts constituting the elements of mistake, we conclude that it did not state a claim of mistake. We therefore reverse the Tenth District and reinstate the judgment of the trial court.

2

## I. Background

{¶ 4} Brotherhood provides property insurance to One Church for its real property that includes several buildings. When some of the buildings were allegedly damaged in a windstorm in February 2019, One Church filed a claim with Brotherhood. When the parties were unable to agree on the amount of the loss, One Church invoked the appraisal process provided for in its contract with Brotherhood.

{¶ 5} Under the contract, if One Church and Brotherhood did not agree on the amount of the loss, either party could demand that the amount be determined by appraisal. Once the appraisal process was invoked, each party was required to pick an independent appraiser. If the appraisers agreed on the amount of the loss, that agreed amount was binding on the parties.

{¶ 6} One Church and Brotherhood each selected an appraiser, and both appraisers conducted an inspection of One Church's property. Following the inspection, the appraisers agreed to an appraisal amount of $313,271.98. In August 2020, Brotherhood issued a check for $312,371.98 (the appraisal amount less a $900 deductible), and One Church cashed the check.

{¶ 7} On February 19, 2021, One Church filed a complaint against Brotherhood. The complaint sought a declaration of One Church's rights under the contract with Brotherhood and alleged that Brotherhood had breached the contract as well as the covenant of good faith and fair dealing. Relevant to all three claims, One Church alleged that following the payment agreed upon in the appraisal process, "additional hidden damages were discovered" and that Brotherhood had refused to pay $206,663.09 for the additional damages. After filing an answer and counterclaim, Brotherhood moved for judgment on the pleadings under Civ.R. 12(C). The trial court granted the motion, explaining that the appraisal award was binding on the parties and that the court did "not find any evidence of fraud, misfeasance, or mistake."

**{¶ 8}** The Tenth District reversed the trial court's judgment. 2024-Ohio-1601 (10th Dist.). The court of appeals agreed with the trial court that appraisal awards are generally binding but noted that an award could be set aside for fraud or manifest mistake. *Id.* at ¶ 19-20. The Tenth District concluded that "One Church's complaint pleaded mistake with sufficient particularity to satisfy Civ.R. 9(B)." *Id.* at ¶ 23.

**{¶ 9}** We accepted Brotherhood's appeal on two propositions of law:

(1) Binding appraisal in property insurance cases is intended to: (a) require each party to fully investigate and determine the amount of the loss; and (b) have the practical effect of claim and issue preclusion with respect to the amount of the appraised loss.

(2) As a matter of law, an insured's unilateral assertion of the finding of additional "hidden damages" after the insured's acceptance of the insurer's payment of a binding appraisal award does not constitute a mistake that permits the appraisal to be set aside.

*See* 2024-Ohio-5959.

## II. One Church's complaint fails to state a claim

**{¶ 10}** Under Civ.R. 12(C), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A court assesses only the pleadings in a Civ.R. 12(C) motion, so its review is limited to the complaint, the answer, and any attached documents, like a contract.[1] *See* Civ.R. 12(C); Civ.R. 10(D)(1). We review the decision to grant or

---

1. Although the parties discuss an initial damage assessment, the Haag Report, we do not consider that assessment, because Brotherhood's Civ.R. 12(C) motion challenges the adequacy of One Church's pleading, which did not include or refer to the Haag Report.

deny a motion under Civ.R. 12(C) de novo. *State ex rel. Johnston v. N. Olmsted City School Dist. Bd. of Edn.*, 2025-Ohio-1233, ¶ 11.

### A. An appraisal agreement is binding absent fraud or manifest mistake

{¶ 11} One Church alleged breach of contract in its complaint, claiming that "the full amount of the loss owed under the policy [had] not been determined or paid," because Brotherhood had refused to pay for the additional damage beyond that agreed on by the appraisers. One Church sought a declaration of the amounts owed by Brotherhood under the terms of the policy and punitive damages for Brotherhood's bad faith.

{¶ 12} But One Church had already demanded an appraisal, and appraisal awards are ordinarily binding and "conclusive between the parties," *Baltimore & Ohio RR. Co. v. Stankard*, 56 Ohio St. 224, 232 (1897). A court will interfere with an appraisal award only if there is a defect so egregious that it undermines the nature of the award, """"something more than error of judgment, such as corruption in the arbitrator, or gross mistake,"""" *Pfleger v. Renner*, 13 Ohio App. 96, 104 (1st Dist. 1920), quoting *Burchell v. Marsh*, 58 U.S. 344, 350 (1854), quoting *Knox v. Symmonds*, 1 Ves. Jr. 369. So, One Church's complaint could survive only if it alleged fraud or manifest mistake—something more than "a mere error of judgment," *id.* at 103.

{¶ 13} In its merit brief, One Church argued that it was "not seeking to refute the appraisal award for what it was, an assessment of damages caused by the loss that the appraisers could identify." Instead, One Church contends that the appraisal amount can stay in place and that it can receive "additional damages" for its "supplemental claim." In One Church's view, it does not need to demonstrate the narrow grounds of fraud or manifest mistake, because it is not challenging the initial appraisal; rather, it is seeking an additional award for additional damage. The dissent agrees with One Church's characterization of this case, describing the central issue as whether Brotherhood must cover an *additional claim* for damage

that was previously undiscovered and therefore allegedly not subject to the previous appraisal agreed to by both parties' appraisers.

{¶ 14} But One Church's own arguments undercut any characterization that One Church submitted a new claim. In its memorandum in opposition to judgment on the pleadings, One Church expressly rejected the idea that it submitted a new claim under its policy with Brotherhood for the newly discovered damages: "Contrary to [Brotherhood's] assertion that the Complaint . . . is an attempt to obtain a second bite at the apple, One Church's Complaint sets forth a claim that is simply an effort to obtain full compensation owed by [Brotherhood] for the loss that One Church sustained as a result of wind damage [on] February 24, 2019." What's more, One Church has said repeatedly—in its reply to Brotherhood's amended counterclaim, its memorandum in opposition to judgment on the pleadings, and now its merit brief to this court—that it was challenging Brotherhood's "refusal to reopen the appraisal process" because the appraisal was "not a final determination of the amount of the entire loss." One Church's allegations and arguments demonstrate that rather than make a new claim, One Church seeks to augment the appraisal agreed upon by both parties' appraisers.

{¶ 15} Because we find that One Church is challenging the appraisal, One Church's claim of breach of contract is not sufficiently pleaded absent a claim of fraud or mistake. One Church does not claim fraud on the part of Brotherhood, but One Church has argued that it pleaded mistake in its complaint. And so we turn our attention to whether mistake was sufficiently pleaded in the complaint.

### B. One Church did not plead mistake with particularity

{¶ 16} A claim that an appraisal should be set aside due to a mistake requires consideration of Civ.R. 9(B). Under that rule, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Civ.R. 9(B)'s particularity standard is satisfied when the defendant

is "sufficiently apprised of the specific claims to be required to answer," *Haddon View Invest. Co. v. Coopers & Lybrand*, 70 Ohio St. 2d 154, 159 (1982).

{¶ 17} Neither Brotherhood nor One Church has pointed us to caselaw from this court that articulates a particularity standard for allegations of mistakes, such as those made here. However, cases analyzing pleadings involving allegations of fraud provide guidance.

{¶ 18} In *Haddon View*, this court was asked whether an accounting firm which was retained by a limited partnership could be held responsible to a group of limited partners for its negligence, including its financial misrepresentations. *Id.* at 155, 158-159. The accounting firm argued that the limited partners' complaint failed to state with particularity the circumstances constituting fraud. *Id*. at 158. We concluded that fraud had been pleaded with particularity when the partners alleged that they had detrimentally relied on the accounting firm's misstatements and omissions of information on financial statements. *Id.* at 159. The allegations were stated with particularity because the "[d]efendant was sufficiently apprised of the specific claims to be required to answer." *Id.*

{¶ 19} In another case, this court considered a hotel guest's claim that a hotel had fraudulently charged a nonexistent tax. *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 1, 3. In assessing whether the complaint adequately alleged fraud, this court applied the particularity requirement by considering the factual allegations of the complaint alongside the elements of fraud. *Id.* at ¶ 27, 30. After listing each element of fraud and briefly summarizing the factual allegations, which included specific details about the amounts charged and the time period when the charges occurred, we determined that the complaint pleaded fraud with sufficient particularity to satisfy Civ.R. 9(B). *Id.* at ¶ 30. In other words, the particularity requirement hinges on whether the complaint contains factual allegations that would satisfy each element of the offense and put the defendant on notice of the specific claims.

{¶ 20} Although *Haddon View* and *Volbers-Klarich* involved allegations of fraud, the cases provide useful guidance because mistake and fraud are subject to the same particularity requirement under Civ.R. 9(B). We conclude that, as with allegations of fraud, circumstances alleging mistake are stated with particularity only if the facts alleged satisfy each element of the claim.

{¶ 21} In this case, because we are considering allegations of mistake on the part of third parties (the appraisers), we look to the elements of manifest mistake. *See Stankard*, 56 Ohio St. at 232. To constitute manifest mistake, "the mistake must be of such character that the arbitrator or appraiser would have corrected it had it been called to his attention." *Lakewood Mfg. Co. v. Home Ins. Co. of New York*, 422 F.2d 796, 798 (6th Cir. 1970), citing *Pfleger*, 13 Ohio App. 96; *see also Bates v. Pennsylvania RR. Co.*, 26 Ohio Law Abs. 114 (2d Dist. 1937). This means that a court will not set aside an appraisal award unless an error is so palpably wrong that it undermines the intent of the agreement, "'"such as corruption in the [third party] or gross mistake,"'" *Pfleger* at 104, quoting *Burchell*, 58 U.S. at 350, quoting *Knox*, 1 Ves. Jr. 369, not a mere error of judgment, *see id.* at 103.

{¶ 22} It is not clear that One Church pleaded mistake at all, let alone that it pleaded factual allegations supporting the elements of mistake with the particularity required to satisfy Civ.R. 9(B). One Church did not use the word "mistake" in its complaint. And while the complaint states that "additional hidden damages were discovered," it does not state who discovered the damages, how they were discovered, where they were found, why they were previously hidden, or why they rise to the level of a manifest mistake that the "appraiser would have corrected...had it been called to his attention," *see Lakewood* at 798. Indeed, One Church's complaint does not allege that the appraisers were mistaken but instead that the award is incomplete.

{¶ 23} Construing the allegations in the complaint in favor of One Church, the complaint does not state a claim for breach of contract or a claim for mistake.

### III. Conclusion

{¶ 24} The trial court correctly dismissed One Church's complaint for failure to state a claim. We therefore reverse the judgment of the Tenth District Court of Appeals and reinstate the trial court's dismissal of the complaint.

Judgment reversed.

_____

**FISCHER, J., dissenting.**

{¶ 25} This case is before this court because the trial court granted judgment on the pleadings. A motion for judgment on the pleadings "tests the sufficiency of the complaint." *State ex rel. Ware v. Booth*, 2024-Ohio-2102, ¶ 5, citing *Rayess v. Educational Comm. for Foreign Med. Graduates*, 2012-Ohio-5676, ¶ 18, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 1996-Ohio-459, ¶ 21. In this case, judgment on the pleadings should not have been granted, because appellee, One Church, sufficiently pleaded claims for declaratory judgment, breach of contract, and bad faith. Therefore, I would affirm the judgment of the Tenth District Court of Appeals, albeit for different reasons than those stated in the court of appeals' opinion.

{¶ 26} In its complaint, One Church alleged that it held an insurance policy that was issued by appellant, Brotherhood Mutual Insurance Company ("Brotherhood"). One Church also alleged that its building incurred significant wind damage that was covered by the policy and that its negotiations with Brotherhood "included the completion of an appraisal process provided for by the policy, which resulted in a determination of an amount of loss for known and discoverable damage at the time that said process was completed." One Church alleged that "[f]ollowing the payment of the amount of loss determined through the appraisal process, additional hidden damages were discovered." One Church submitted an additional claim, which Brotherhood denied, resulting in One Church's allegation that it was not paid the full amount of the loss it was owed

under the insurance policy.

{¶ 27} Brotherhood moved for judgment on the pleadings, arguing that One Church was seeking to "nullify" an appraisal that under the terms of the insurance contract, was "binding on all parties." The trial court agreed and granted Brotherhood's motion for judgment on the pleadings.

{¶ 28} The problem with the trial court's judgment is that it relied on Brotherhood's mischaracterization that One Church is seeking to nullify the appraisal. Brotherhood argues that based on the language of the insurance contract, the appraisal process was binding on all parties. And while I agree with the majority opinion that that language controls and that the appraisal is binding, majority opinion, ¶ 1, the fact that the appraisal is binding on the parties does not resolve the actual claims stated by One Church. Rather, the proper question is, binding as to what property damage?

{¶ 29} In its complaint, One Church alleged that the appraisal process "resulted in a determination of an amount of loss for *known and discoverable damage* at the time that said process was completed." (Emphasis added.) Therefore, One Church's claim as stated in the complaint is that the appraisal did not cover and is not binding as to property damage that was not discoverable at the time of the appraisal. There is no evidence in the pleadings indicating that any language from the insurance contract refutes One Church's claim that the binding appraisal award covered only known and discoverable damage. Thus, One Church's claims were sufficient, and Brotherhood's motion for judgment on the pleadings should have been denied.

{¶ 30} The Tenth District reached this same conclusion but for very different reasons. It held that One Church sufficiently pleaded mistake in the appraisal process such that when all inferences were drawn in its favor, it was able to avoid judgment on the pleadings. 2024-Ohio-1601, ¶ 25 (10th Dist.).

{¶ 31} However, I do not believe that One Church pleaded mistake at all.

Neither does a majority of this court. Majority opinion at ¶ 22. In fact, the majority opinion states, "Indeed, One Church's complaint does not allege that the appraisers were mistaken but instead that the award is incomplete." *Id.* at 22. While I agree with the majority opinion that under Civ.R. 9(B), mistake must be pleaded with particularity, *id.* at ¶ 3, this case is not about mistake. Rather, this case involves a contract-interpretation issue about what property damage the binding appraisal covered and whether it was binding on damage that was hidden and undiscoverable at the time of the appraisal.

{¶ 32} The majority opinion notes One Church's argument that it is seeking an additional award of insurance proceeds for additional property damage rather than challenging the initial appraisal, but the majority opinion dismisses this argument because One Church says in its merit brief that it wants Brotherhood to "'reopen the appraisal process,'" *id.* at ¶ 14, quoting One Church's merit brief. But I would not dismiss an argument that One Church raised in its complaint and preserved in both its appeal before the Tenth District and in Brotherhood's appeal before this court merely because One Church wrote in its merit brief that it would like to "reopen" the appraisal process rather than begin a new appraisal. I do not believe the one word, "reopen," holds the kind of weight that the majority now places on it.

{¶ 33} One Church sufficiently pleaded its claim that the binding appraisal covered only property damage that was known and discoverable at the time of the appraisal and that it was entitled to additional compensation. Therefore, I would affirm the judgment of the Tenth District Court of Appeals. I respectfully dissent.

_____

Stephen C. Lane, for appellee.

Collins Roche Utley & Garner, L.L.C., Richard M. Garner, and Lucas P. Baker, for appellant.

Hanna, Campbell & Powell, L.L.P., Kenneth A. Calderone, and Robert L. Tucker, urging reversal for amicus curiae Acuity, A Mutual Insurance Company.

Koehler Fitzgerald, L.L.C., and Timothy J. Fitzgerald; and Michael D. Farley (representing Ohio Insurance Institute only), urging reversal for amici curiae Ohio Insurance Institute, National Association of Mutual Insurance Companies, and American Property Casualty Insurance Association.

Marshall Dennehey, and Thomas F. Glassman, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

_____